FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 15 PM 3: 18

CLERK B.W.
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JERMAINE ALI WILSON

v.  603CR018
    605CV120

UNITED STATES OF AMERICA

# ORDER

Jermaine Ali Wilson unsuccessfully moved this Court for 28 U.S.C. § 2255 relief. 605CV120, doc. # 8. The Court reasoned that Wilson simply rehashed in his § 2255 motion the same grounds that he raised on appeal. *See* doc. # 4 at 4 ("this Court is procedurally barred from reconsidering this ground for relief"), *adopted*, doc. # 7.

The Court entered judgment against him on 10/16/06 (doc. # 8), but his Notice of Appeal (NOA) was not filed on the Court's docket until 1/18/07 -- beyond F.R.App.P. 4(a)(1)(B)'s 60-day limit. Doc. # 9. The Court thus denied what it construed to be a motion for extension of time within which to appeal. Doc. # 13 at 1. For good measure, it noted that it would have denied as meritless any Certificate of Appealability (COA)[1] and *in forma pauperis* (IFP) motions even if Wilson had timely appealed. *Id.* at 2.

The Eleventh Circuit affirmed this Court's analysis by dismissing Wilson's appeal as untimely. Doc. # 17. This Court's 10/16/06 judgment *on the merits* of Wilson's § 2255 motion therefore became final for appeal and *res judicata* (hence, successive-§ 2255-motion) purposes.

Wilson now moves the Court for F.R.Civ.P. 60(b) relief, contending that the Court erred procedurally. Doc. # 18 at 1-2. To enable this Court to entertain his Rule 60(b) motion, he cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005) and cases citing it. *Id.* at 11. In *Gonzalez*, a 28 U.S.C. § 2254 petitioner filed a Rule 60(b) motion after the district court denied his § 2254 habeas petition as time-barred. 545 U.S. at 527. The Supreme Court addressed the circumstances when a Rule 60(b) motion should be considered a "second or successive" habeas petition and therefore subject to successive petition restrictions. *Id.* at 528, 538. It held that a Rule 60(b)(6) motion in a § 2254 case must be treated as a successive habeas petition *if* it asserts or reasserts a substantive claim to set aside the petitioner's state conviction, as *opposed* to a defect in the integrity of the federal habeas proceedings. *Id.* at 532.

The petitioner's claim in *Gonzalez* fell in the latter category, as it alleged that the federal courts misapplied the federal statute of limitations set out in § 2244(d). *Id.* at 535-36; *see also U.S. v. Terrell*, 141 Fed.Appx. 849, 850 (11th Cir. 2005) ("Although *Gonzalez* addressed a Rule 60(b) motion and decided the issue only under § 2254 ... we believe that its holding and rationale apply equally to § 2255"); *U.S. v. Seward*, 2007 WL 30878 at * 1 (E.D.Wis. 1/4/07) (unpublished); *see also id.* (denying Rule 60(b) motion because it attacked defendant's criminal conviction and sentence rather than the manner in which the § 2255 motion he previously filed was processed).

---

[1] A COA application cannot be granted unless petitioner makes "both a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004) (en banc) (emphasis added), *aff'd on other grounds, Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Here, in contrast, Wilson *claims* to be citing *Gonzalez*-level procedural error but in fact re-argues his § 2255 motion's *merits*:

> The requirements the Court failed to follow are: (1) the Court failed to ask the Petitioner at the sentencing hearing if he had been previously convicted as "alleged in the information" as required by 21 U.S.C. 851(b); *see, e.g., U.S. v. Harris*, 149 F.3d 1304, 1307 (11th Cir. 1998) (*quoting U.S. v. Cevallos*, 538 F.2d 1122, 1126-27 (5th Cir. 1976), (2) the Court failed to inform the Petitioner at the sentencing hearing that he could not challenge the prior convictions after sentencing; and (3) the Court failed to establish that Petitioner was actually the defendant in the prior convictions named in the information, which also runs afoul of 851 (b) & *Cevallos*, 538 F.2d at 1228 n.13. *See* Attachment - A. Even though the above aforementioned are required by 851(b) prior to imposing the enhanced sentence. *Id*. [¶] The above errors of the Court constitutes a procedural ruling of the habeas petition which precluded the merits determination of the above argument, which is stated in the Section 2255 petition, and it also cites *Harris, supra*, at pg. 7, and the Court was required to construe his 851 claim as encompassing any allegation stating relief, namely, the 851(b) violations that the Court committed at the sentencing hearing. *See* Attachment - A. *Cf. White*, 530 F.2d at 818: "The appropriate liberal construction requires (the Court] active interpretation in cases to construe a pro se petition "to encompass any allegation stating relief."

Doc. # 18 at 2-3. Even though this argument, liberally construed, goes to the *merits* of Wilson's case (he does not, for example, argue that this Court misapplied a statute of limitations or other *procedural* rule that thus prevented the Court from reaching the merits of his § 2255 motion), Wilson lamely seeks to obscure this fact by *declaring* this Court's past rulings "procedural." *Id.* at 3 ("The above errors of the Court constitutes a procedural ruling of the habeas petition, which resulted in preclusion of the merits determination of the above argument which is stated in the habeas application. Therefore making the instant Rule 60(b)(6) motion a 'true' 60(b) petition").

The labeling approach doesn't work here. The Court therefore **DENIES** defendant Jermaine Ali Wilson Rule 60(b) motion (doc. # 18) and, construing it as a successive § 2255 motion, **DISMISSES** it for lack of jurisdiction.[2] Doc. # 18.

This 15 day of August, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] As the Eleventh Circuit explained in a similar case:

> [W]hen a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion. *See* 28 U.S.C. § 2244(b)(2)-(3). Here, the district court, instead, summarily denied [the movant's] Rule 60(b) motion. Accordingly, we affirm, but remand for the limited purpose of allowing the district court to modify its order to reflect that [the movant's] Rule 60(b) motion is dismissed for lack of jurisdiction.

*El-Amin v. U.S.*, 172 Fed.Appx. 942, 946 (11th Cir. 2006); *Wardlaw v. U.S.*, 2007 WL 2084091 at * 1 M.D.Ga. 7/17/07) (unpublished).