UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JERMAINE ALI WILSON,

Petitioner,

v.                    6:05-cv-120

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Petitioner Jermaine Ali Wilson filed a "second § 2255 Motion Attacking His conviction." See Doc. 49. On January 5, 2011, this Court dismissed because it was a successive habeas petition. See Docs. 41; 42; 44; 46.

Thereafter, Wilson filed his objections to the Magistrate Judge's Report & Recommendation ("R&R"), see Doc. 47, a letter asking the Court to consider a case decided by the Magistrate Judge, see Doc. 48, and a motion inquiring into the status of his case, see Doc. 49. On May 11, 2011, this Court informed Wilson that his case had been dismissed on January 5, 2011. See Doc. 50. Twenty-nine days later, on June 9, 2011, Wilson filed a notice of appeal. See Doc. 51; see also Houston v. Lack, 487 U.S. 266, 270 (1988) ("the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk" under the "prisoner mailbox rule.").

The Eleventh Circuit remanded the case to this Court "with instructions to determine whether the appellant merits an extension under FED. R. APP. P. 4(a)(6), based on his 'Motion for Status,' filed in the district court on May 9, 2011." See Doc. 56.

Federal Rule of Appellate Procedure 4(a)(6) provides that:

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Ordinarily this Court's clerk's office enters a notation in a case's docket report reciting that it has mailed the Court's Order to the pro se litigant after each Order is entered. No such notation appears after this Court's Order adopting the R&R or the judgment dismissing the case. Without that proof, this Court gives Wilson the benefit of the doubt and finds that he did not receive notice of the entry of judgment within 21 days of entry. See FED. R. APP. P. 4(a)(6); see also Doc. 49 (Motion for Status).

Such a docket entry *does* appear after this Court's May 11, 2011 Order informing Wilson that the Court dismissed his case in January. *See* Doc. 50. This Court's May 11 Order not only informed Wilson that his case had been dismissed, but it also explained that it was because his "second § 2255 Motion Attacking His conviction" was successive. *See id.* This Order constituted notice of "the order sought to be appealed" under Federal Rule of Appellate Procedure 4(a)(6).

Wilson did not move to reopen the time for appeal, or even appeal, within 14 days of this Court's May 11 Order. *See* FED. R. APP. P. 4(a)(6)(B); *see also* Doc. 51 (notice of appeal filed June 9, 2011). Even if the Court were to consider the Eleventh Circuit's *sua sponte* discussion of Rule 4(a)(6) as a "motion" under the rule, it was untimely. This motion had to be filed by the earlier of July 5, 2011, 180 days after the entry of judgment, or within fourteen days of this Court's May 11 Order. *See* FED. R. APP. P. 4(a)(6); *see also* Doc. 50. The Eleventh Circuit did not raise the issue until August 10, 2011. *See* Doc. 56.

Wilson's motion for status cannot be construed as a more timely motion to reopen. Not once did he mention a desire to appeal; not surprising, as Wilson did not yet know that his case had been dismissed. *See* Doc. 49.

Wilson cannot satisfy all three of Federal Rule of Appellate Procedure 4(a)(6)'s requirements and does not merit an extension.

This 16th day of August 2011.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2